# B. H. Nissley v. M. R. Hoffman, Benjamin Hoffman, and Norman Hoffman Trading as Hoffman Brothers.

A Constable's return of service of a Magistrate's summons may be contradicted by parol evidence on certiorari, and if the service was not properly made, the judgment will be set aside for want of jurisdiction.

MAGISTRATES—SUMMONS—RETURN OF SERVICE—CONTRADICTION OF BY PAROL—CERTIORARI.

No. 41, June Term, 1901, C. P. of Lancaster Co.
C. E. Montgomery, Esq., for certiorari.
C. Reese Eaby, Esq., contra.
Opinion by LANDIS, J., December 20, 1902.

Suit was instituted in this case against the above-named

defendants trading as Hoffman Brothers, before Alderman A. K. Spurrier, and the summons was served by John Peck, Constable. His return states that it was served upon the defendants, whereas the fact is it was served upon M. R. Hoffman alone, who was not then, and never was a member of the said firm. Judgment was entered in favor of the plaintiff for $89.65 by default, and this writ was thereupon issued to set aside the said proceedings.

It has been held by Agnew, P. J., in the O. & P. R. R. Co., v. Brittain, 1 Pitts., 271: "That want of jurisdiction can be shown by parol is a matter of everyday practice essential to the administration of justice, to prevent frauds and maintain a subordinate tribunal within its proper sphere of action," and Black, C. J., in Leacock v. White, 19 Pa., 495, says: "But a judgment may be given against a party without service of a summons, and without notice of any kind until the time of appeal is past. Certainly this is a great injury, and if there be no remedy but to open the judgment, it would be hard to deny that. There is a remedy, however. Such a judgment should be reversed on certiorari. The twenty days' limitation does not apply to cases in which the Justice has no jurisdiction either of the parties or the subject matter, and he has no jurisdiction of the former, when they are not legally summoned. The fact that notice was not given may be proved by parol, notwithstanding some dicta to the contrary."

We passed upon the same question in Commonwealth v. Blankenmyer, 19 Lanc. L. R., 87, wherein we collated most of the authorities upon the subject. We there concluded that we had no power to see that the proceedings of a Justice are regular, and, when it is shown, either by parol or otherwise, that they are not, that there had been no legal service of the very writ under which the suit is begun, that we had authority to set them aside. We still think that this conclusion is the correct one.

Let us for a moment, look at the position which presents itself, if no such inquiry can here be made. The real members of the defendant firm have not been summoned. Presumably they had no knowledge of the suit until after judgment had been

passed against them. Even though this knowledge came to them within twenty days, and they could have appealed, were they bound to pay the costs because a Constable had returned them, as summoned, when they, in fact, were not? What remedy would they now have, although they may have a perfect defense to the action? They cannot appeal, for the time has gone by, and could they sue the Constable for a false return, he having acted in strict obedience to his writ? M. R. Hoffman was named as a member of the firm, and the Constable served the writ upon him, and this, of course, would constitute a good service, were he actually a member of the partnership. We have not considered the effect of the Act of April 14, 1851, P. L. 615, relative to the registration of partnerships, for no point was raised nor evidence adduced upon this subject.

We, therefore, for these reasons, sustain the exceptions and set aside the proceedings of the Magistrate.

Exceptions sustained and proceedings set aside.

From Lancaster Law Review,
Lancaster, Pa.